UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES SMITH, individually, and on
behalf of All Other Similarly Situated Who
Consent to Their Inclusion in a Collective
Action,

       Plaintiffs,

v.                                                      Case No. 8:10-cv-1694-T-24-TGW

IMPERIAL DISTRIBUTING COMPANY,
INC. d/b/a IMPERIAL PRESS DIRECT,
and MICHAEL DAVID VILLA,

       Defendants.
_____/

## ORDER

This cause comes before the Court on Defendants' Motion to Dismiss or For More Definite Statement. (Doc. No. 6). Plaintiffs oppose this motion. (Doc. No. 9).

Defendants move to dismiss or for more definite statement as to Plaintiffs' Complaint pursuant to Rules 8(a)(1) and 10(b) of the Federal Rules of Civil Procedure. Rule 8(a)(1) requires a pleading for a claim of relief to include "a short and plain statement of the grounds for the court's jurisdiction." Rule 10(b) requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances . A later pleading may refer by number to a paragraph in an earlier pleading." Defendants allege that Plaintiffs' complaint is an improper shotgun pleading because it incorporates the allegations of every count into each successive count, rendering it impossible to prepare a response. (Doc. No. 6 at 2).

Plaintiffs' Complaint sets forth two counts alleging that Defendants violated the Fair

Labor Standard Act's ("FLSA") Minimum Wage requirements (Count I) and Overtime Compensation requirements (Count II). Plaintiffs argue that because their claims for unpaid minimum wages and unpaid overtime compensation rest on a common statute, common fact pattern, and single legal theory (that Defendants failed to comply with the FLSA), the Complaint should not be characterized as a shotgun pleading. (Doc. No. 9 at 2). The Court agrees with Plaintiffs.

Plaintiffs' eight page Complaint contains two discrete claims in two separate counts. Plaintiffs' re-allegation and incorporation by reference of the allegations of Count I into Count II is appropriate as both Counts I and II rest on a common fact pattern. Defendants cite <u>Magulta v. Samples</u>, 256 F.3d 1282 (11th Cir. 2001), as their authority for characterizing Plaintiffs' Complaint as a shotgun pleading and for dismissing Plaintiffs' Complaint. The complaint in <u>Magulta</u> was fifty-eight pages long, named fourteen defendants, and each count incorporated by reference the allegations in a section entitled "General Factual Allegations," which comprised 146 numbered paragraphs. <u>Id.</u> at 1284. The Court fails to see any similarity between the instant Complaint and the <u>Magulta</u> complaint.

Accordingly, it is ORDERED AND ADJUDGED that Defendants' Motion to Dismiss or For More Definite Statement is DENIED.

**DONE AND ORDERED** at Tampa, Florida, this 4th day of October, 2010.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge